**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-06862 EAG |
| SAMUEL A. FIGUEROA MARTINEZ, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 08/27/2014 |

**OPINION AND ORDER**

On July 3, 2014, Scotiabank de Puerto Rico requested that the court vacate its order, entered June 20, 2014, denying the bank's motions to lift stay at dockets 45 and 46. (Docket No. 96.) The court denies Scotiabank's motion for the following reasons.

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). Here, Scotiabank argues that the court erred in denying its motions by not applying the "equity cushion" theory to the case. (Docket No. 96 at p. 2.) See In re King, 305 B.R. 152 (Bankr. S.D.N.Y. 2004); In re Westchester Ave. Marina Realty, Inc., 124 B.R. 161 (Bankr. S.D.N.Y. 1991). However, as referred to in both the cases cited by the bank and in the court's independent research on the matter, having an "equity cushion" in a property is typically an argument raised by a debtor to show why adequate protection payments do not need to be made to a secured creditor seeking to lift the stay under 11 U.S.C. § 362(d)(1). See, e.g., King, 305 B.R. 174-75. The theory does not apply here, where the

motions  to lift stay were denied due to the bank's inability to show that the properties in

question were declining in value.  (Docket No. 86.)

Accordingly, Scotiabank's  motion to set aside order at docket 96 is denied for failure

to establish that it is entitled to the requested relief.  In addition, the motion is denied for

failure to comply with the notice requirements of Local Bankrupty Rule 9013-1(c).

SO ORDERED.

In Ponce, Puerto Rico, this 27th day of August, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge