## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

SAMUEL A. FIGUEROA MARTINEZ,

     DEBTOR.

CASE NO. 13-06862 (EAG)

FILED & ENTERED ON 08/03/2015

### OPINION AND ORDER

On April 17, 2015, the court held a hearing where it denied Scotiabank's de Puerto Rico request for post-petition interest. [Dkt. No. 156.] On May 11, 2015, Scotiabank moved for reconsideration, alleging that the court applied the wrong standard in denying its request. [Dkt. No. 160.] For the reasons stated herein, Scotiabank's motion for reconsideration is denied.

### I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### II. PROCEDURAL BACKGROUND

On August 23, 2013, Samuel A. Figueroa Martinez filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [Dkt. No. 1.] On September 23, 2013, Scotiabank filed

---

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

two secured claims: one for the Caparra property in the amount of $65,178.75, the other for the Metropolis property in the amount of $148,854.24. [Claims Register Nos. 2-1 & 3-1, respectively.] Scotiabank filed motions for relief from stay under section 362(d)(1) for its two secured claims on the grounds of lack of adequate protection, which the court denied because Scotiabank failed to show that the properties were declining in value.[2] [Dkt. Nos. 45, 46 & 86.] On June 20 and August 29, 2014, the court held confirmation hearings and confirmed the debtor's plan over Scotiabank's objection. [Dkt. Nos. 86, 99 & 109.]

Six days after the plan was confirmed, Scotiabank filed the motion requesting payment of post-petition interest, to which the debtor objected. [Dkt. Nos. 117 & 120.] On April 17, 2015, the court held a hearing on the matter and denied the motion. [Dkt. No. 156.] On May 11, 2015, Scotiabank filed for reconsideration. [Dkt. No. 160.]

**III. RULE 59(e) STANDARD**

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law." Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Such motions cannot be used to re-litigate matters already decided by the court. See Rubio, 2012 U.S. Dist. LEXIS 13578, at *3; Marks 3 Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("[a] motion for

---

[2]/Scotiabank subsequently moved for reconsideration, which the court denied. [Dkt. Nos. 96 & 101.]

reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the . . . court prior to judgment.").

**IV. APPLICABLE LAW AND DISCUSSION**

Under section 506(b), a creditor whose claim is over-secured is entitled to post-petition interest. 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy, ¶ 506.04 (16th ed. 2014). A creditor seeking post-petition interest has the burden of proving by a preponderance of the evidence that the secured claim is over-secured. See In re SW Boston Hotel Venture, LLC, 748 F.3d 393, 408 (1st Cir. 2014). The statute provides that the asset's value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. §506(a)(1); See SW Boston Hotel, 748 F.3d at 411. Courts have held that asset values listed in schedules may not be an accurate reflection of the market value of an asset. SW Boston Hotel, 748 F.3d at 409 (citing Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.), 78 F.3d 30 (2d. Cir. 1996)). As such, "a valuation made for one purpose at one point in a bankruptcy proceeding has no binding effect on valuations performed for other purposes at other points in the proceeding." SW Boston Hotel, 748 F.3d at 411.

In its motion for reconsideration, Scotiabank first argues that the court erred by adopting the debtor's arguments and treating its motion as a request for administrative expenses pursuant to section 503(b) rather than as a request for post-petition interest. [Dkt. No. 156.] Scotiabank goes on to contend that the disclosure statement when compared to the proofs of claims show Scotiabank is over-secured, entitling Scotiabank to post-petition interest. Scotiabank's original motion, while couched as a request for administrative expenses, actually

cited to section 506(b) as the controlling law.[3] [Dkt. No. 117.] Scotiabank argued that during the confirmation hearing it was uncontroverted that its secured claims are over-secured.[4] Id. Scotiabank then, in the response to the debtor's objections, attempted to convert the original motion filed under section 506(b), into a motion based on the binding effect of the confirmed plan under section 1141. [Dkt. No. 127.] The court is not persuaded by any of Scotiabank's argument.

At the outset, Scotiabank's first argument can be quickly dispensed with since it is clear from the record that the court did not rely on section 503(b) in making its ruling. At the April 17, 2015 hearing, the court explicitly adopted the debtor's argument with regard to section 506(b), in which the debtor laid out the procedure Scotiabank should have followed. [Dkt. No. 156; Hr'g Tr. 19-28, Dkt. No. 158.] Further, when Scotiabank argued during the April 17, 2015 hearing that it was entitled to administrative expenses, the court suggested that Scotiabank was actually seeking relief under section 506(b). [Hr'g Tr. 14, Dkt No. 158.] Nevertheless, Scotiabank continued to argue that "[t]he expenses are allowed because the property was used and . . . we're entitled to maintain the equity cushion." Id. at 17-18. The record shows that the court did not consider Scotiabank's motion under section 503(b) and considered it under section 506(b).

As to its second argument, Scotiabank cannot establish that its claims are over-secured just by pointing to the disclosure statement and proofs of claims. SW Boston Hotel, 748 F.3d at 411 (finding that under section 506(a) a collateral's value needs to be determined in light of the

---

[3]/The original motion is titled: "Motion Requesting Payment of Interest and Other Costs as Expenses of Administration." [Dkt. No. 117.]

[4]/Scotiabank does not specify which confirmation hearing it is referring to. But, as will be shown, in neither of the confirmation hearing did it became uncontroverted that both secured claims are over-secured.

purpose of the valuation). The court does note that the values in the disclosure statement when compared to the proofs of claims show the secured claims are over-secured. The Metropolis property was valued at $162,000.00 in the schedules, compared to Scotiabank's secured claim of $148,854.24. [Dkt. No. 9; Claims Register No. 3-1.] The Caparra property was valued at $125,000.00 in the schedules, compared to Scotiabank's secured claim of $65,178.75. [Dkt. No. 9; Claims Register No. 2-1.] Nevertheless, First Circuit precedent and the statute require that values need to be substantiated by evidence. SW Boston Hotel, 748 F.3d at 409 (finding that bankruptcy court was correct in not relying on schedules because they were based on book values that were not substantiated by evidence); see also 11 U.S.C. § 506(a). In this case, the record is unclear as to whether those values were estimates or an accurate market value, and Scotiabank has not presented the necessary evidence to substantiate that those values are an accurate market value of the asset. Therefore, the property valuations in the schedules are not binding for purposes of section 506(b). SW Boston Hotel, 748 F.3d at 411.

Furthermore, contrary to Scotiabank's assertions in its original motion, it is not clear from the record that the parties stipulated that both properties are over-secured. Although the debtor admitted during the June 20, 2014 confirmation hearing that the Caparra property is over-secured, Scotiabank itself was not certain about the Metropolis property and the debtor did not proffer anything as to the Metropolis property. [See Hr'g Tr. 16-18, Dkt. No. 161.] Furthermore, the debtor disputed the fact that there is equity in the properties during the April 17, 2015 hearing. [See Hr'g. Tr. 30, Dkt. No. 158.] The record reveals an uncertainty on the valuation of the property; all the more reason to follow the procedures of section 506(a) & (b).

As to Scotiabank's final argument, in which it seeks to rely on the binding effect of the

5

confirmed plan, the court is equally unpersuaded. Section 1141(a) provides that the provisions of the confirmed plan bind the debtor and the creditors. 11 U.S.C. § 1141(a). In this case, the debtor's confirmed plan provides that Scotiabank, as a secured creditor in Classes One and Five, "will receive a 100% distribution on its Allowed Secured Claim." [Dkt. No. 67.] While Scotiabank appears to assume that their allowed claim should automatically include post-petition interest, it does not since no request for post-petition interest has been allowed by the court. It then follows that the debtor is complying with the terms of its confirmed plan, as he has commenced payments on 100% of Scotiabank's allowed secured claims. Therefore, Scotiabank and the debtor are bound by those terms.

Motions for reconsideration cannot be used to present new arguments or evidence that should have been presented before. See Marks 3 Zet-Ernst Marks GMBH & Co. KG, 455 F.3d at 7, 15-16. There is a procedure in place for the allowance of post-petition interest, it is not added to a claim automatically. Section 506(b) does not entitle Scotiabank to post-petition interest absent a showing by a preponderance of the evidence that their secured claims are over-secured. See SW Boston Hotel, 748 F.3d at 408-09. Scotiabank failed to follow that procedure by not moving the court to make a determination on the status of the secured claim and by not presenting evidence to establish that their claim is over-secured. See SW Boston Hotel, 748 F.3d at 393; see also Fed. Bankr. R. 3012.

Accordingly, absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, the motion for reconsideration at docket number 160 is

6

denied.

In Ponce, Puerto Rico, this 3rd day of August, 2015.

Edward A. Godoy

U.S. Bankruptcy Judge